MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
RENE MANZANO TIBURCIO, *individually*
*and on behalf of others similarly situated,*

|                                      |                                        |
|--------------------------------------|----------------------------------------|
| *Plaintiff,*                         | **COMPLAINT**                          |
| -against-                            | **COLLECTIVE ACTION UNDER**            |
|                                      | **29 U.S.C. § 216(b)**                 |
| PINE BAR & GRILL LLC (D/B/A PINE BAR | **ECF Case**                           |
| + GRILL), A & A RESTAURANT INC.      |                                        |
| (D/B/A PINE BAR + GRILL), ANTHONY    |                                        |
| BASTONE, ALBERTO BERACHA, and        |                                        |
| FRANK DOE,                           |                                        |
|                                      |                                        |
| *Defendants.*                        |                                        |

-------------------------------------------------------X

Plaintiff Rene Manzano Tiburcio ("Plaintiff Manzano" or "Mr. Manzano"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against Pine Bar & Grill LLC (d/b/a Pine

Bar + Grill), A & A Restaurant Inc. (d/b/a Pine Bar + Grill), ("Defendant Corporations"), Anthony

Bastone, Alberto Beracha, and Frank Doe, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Manzano is a former employee of Defendants Pine Bar & Grill LLC (d/b/a

Pine Bar + Grill), A & A Restaurant Inc. (d/b/a Pine Bar + Grill), Anthony Bastone, Alberto Beracha,

and Frank Doe.

2.      Defendants own, operate, or control a bar and grill restaurant, located at 1634 Eastchester Road, Bronx, New York 10461 under the name "Pine Bar + Grill".

3.      Upon information and belief, individual Defendants Anthony Bastone, Alberto Beracha, and Frank Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Manzano was employed as a cook at the restaurant located at 1634 Eastchester Road, Bronx, New York 10461.

5.      At all times relevant to this Complaint, Plaintiff Manzano worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Manzano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Manzano the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Manzano to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Manzano and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Manzano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wage and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Manzano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Manzano's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bar and grill restaurant located in this district. Further, Plaintiff Manzano was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Rene Manzano Tiburcio ("Plaintiff Manzano" or "Mr. Manzano") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Manzano was employed by Defendants at Pine Bar & Grill from approximately 2005 until on or about September 24, 2020.

16.     Plaintiff Manzano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a bar and grill restaurant, located at 1634 Eastchester Road, Bronx, New York 10461 under the name "Pine Bar + Grill".

18.     Upon information and belief, Pine Bar & Grill LLC (d/b/a Pine Bar + Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1634 Eastchester Road, Bronx, New York 10461.

19.     Upon information and belief, A & A Restaurant Inc. (d/b/a Pine Bar + Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it also maintains its principal place of business at 1634 Eastchester Road, Bronx, New York 10461.

20.     Defendant Anthony Bastone is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anthony Bastone is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Anthony Bastone possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Manzano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Alberto Beracha is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alberto Beracha is sued individually in his capacity as a general manager of Defendant Corporations. Defendant Alberto Beracha possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Manzano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Frank Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Frank Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Frank Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Manzano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

23.     Defendants operate a bar and grill restaurant located in the Morris Park neighborhood in the Bronx.

24.     Individual Defendants, Anthony Bastone, Alberto Beracha, and Frank Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Manzano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Manzano, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Manzano (and all similarly situated employees) and are Plaintiff Manzano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Manzano and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendant Anthony Bastone operates Defendant Corporations as either alter egos of himself and/or failed to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e)   operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f)   intermingling assets and debts of his own with Defendant Corporations,

g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Manzano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Manzano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Manzano's services.

31.     In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Manzano is a former employee of Defendants who was employed as a cook.

34.     Plaintiff Manzano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rene Manzano Tiburcio*

35.     Plaintiff Manzano was employed by Defendants from approximately 2005 until on or about September 24, 2020.

36.     Defendants employed Plaintiff Manzano as a cook.

37.     Plaintiff Manzano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Manzano's work duties required neither discretion nor independent judgment.

39.     From approximately November 2014 until on or about December 2016, Plaintiff Manzano worked from approximately 4:00 p.m. until on or about 11:00 p.m., 6 days a week, but he stayed until 11:30 p.m. 4 days a week (typically 42 to 44 hours per week). 6 days a year, during this period, Plaintiff Manzano worked from approximately 9:00 a.m. until on or about 11:00 to 11:30 p.m.

40.     From approximately January 2017 until on or about March 15, 2020, Plaintiff Manzano worked from approximately 9:00 a.m. until on or about 4:00 p.m., 6 days a week, but he stayed until 4:30 p.m. 3 days a week (typically 42 to 43.5 hours per week). Once a week, Plaintiff Manzano had to stay for another shift he did not punch into the machine, which he was paid in cash at the straight rate. Furthermore, during this time period, 6 days a year Plaintiff Manzano worked from approximately 9:00 a.m. until on or about 11:00 or 11:30 p.m.

41.     From approximately March 16, 2020 until on or about September 24, 2020, Plaintiff Manzano's scheduled varied, but he worked 2 to 5 days a week (typically 13 to 30 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Manzano his wages by check but received one shift's wages in cash.

43.     From approximately 2017 until March 2020, once a week Plaintiff Manzano had to stay for an additional shift, which he would not punch into the machine and would get paid for that shift in cash without any overtime.

44.     From approximately November 2014 until on or about December 2017, Defendants paid Plaintiff Manzano $15.00 per hour.

45.     From approximately January 2018 until on or about September 2020, Defendants paid Plaintiff Manzano $17.00 per hour.

46.     Plaintiff Manzano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Manzano to work an additional 30 minutes past his scheduled departure time three to four days a week and did not pay him for the additional time he worked. Additionally, once a week Plaintiff Manzano had to stay for another shift which he would not punch into the machine and was paid in cash, at the straight rate.

48.     Defendants never granted Plaintiff Manzano any breaks or meal periods of any kind.

49.     Although Plaintiff Manzano was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Manzano was not compensated for all of the hours that he worked.

50.     In addition, in order to get paid, Plaintiff Manzano was required to sign a document in which Defendants misrepresented the hours that he worked per week.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Manzano regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Manzano an accurate statement of wages, as required by NYLL 195(3).

53.     In fact, Defendants adjusted Plaintiff Manzano's paystubs so that they reflected inaccurate wages and hours worked.

54.     Defendants did not give any notice to Plaintiff Manzano, in English and in Spanish (Plaintiff Manzano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Manzano to purchase "tools of the trade" with his own funds—including unforms.

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Manzano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

57.     Plaintiff Manzano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants habitually required Plaintiff Manzano to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

59.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Manzano worked.

60.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.     Defendants required Plaintiff Manzano to sign a document that reflected inaccurate or false hours worked.

62.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Manzano (and similarly situated individuals) worked, and to avoid paying Plaintiff Manzano properly for his full hours worked.

64.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

65.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Manzano and other similarly situated former workers.

66.     Defendants failed to provide Plaintiff Manzano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

67.     Defendants failed to provide Plaintiff Manzano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

68.      Plaintiff Manzano brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

69.      At all relevant times, Plaintiff Manzano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

70.      The claims of Plaintiff Manzano stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71.      Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

72.      At all times relevant to this action, Defendants were Plaintiff Manzano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Manzano (and the FLSA Class Members), controlled the terms and

conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

73.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75.     Defendants failed to pay Plaintiff Manzano (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

76.     Defendants' failure to pay Plaintiff Manzano (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Manzano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78.     Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Manzano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80.     Defendants' failure to pay Plaintiff Manzano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81.     Plaintiff Manzano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82.    Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

83.    At all times relevant to this action, Defendants were Plaintiff Manzano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Manzano, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

84.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Manzano less than the minimum wage.

85.    Defendants' failure to pay Plaintiff Manzano the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

86.    Plaintiff Manzano was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

87.    Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

88.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Manzano  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.     Defendants' failure to pay Plaintiff Manzano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff Manzano was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

91.      Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to pay Plaintiff Manzano one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Manzano's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

93.     Defendants' failure to pay Plaintiff Manzano an additional hour's pay for each day Plaintiff Manzano's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

94.     Plaintiff Manzano was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

95.      Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to provide Plaintiff Manzano with a written notice, in English and in Spanish (Plaintiff Manzano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97.    Defendants are liable to Plaintiff Manzano in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

98.    Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

99.    With each payment of wages, Defendants failed to provide Plaintiff Manzano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100.    Defendants are liable to Plaintiff Manzano in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

101.     Plaintiff Manzano repeats and realleges all paragraphs above as though fully set forth herein.

102.     Defendants required Plaintiff Manzano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

103.     Plaintiff Manzano was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Manzano respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Manzano and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Manzano and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Manzano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Manzano and the FLSA Class members;

(f)      Awarding Plaintiff Manzano and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Manzano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Manzano;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Manzano;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Manzano;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Manzano's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Manzano;

(m)      Awarding Plaintiff Manzano damages for the amount of unpaid MINIMUM WAGE AND overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Manzano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Manzano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of MINIMUM WAGE, overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Manzano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Manzano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Manzano demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 24, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

- 19 -

*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                           Telephone: (212) 317-1200
New York, New York 10165                                                         Facsimile: (212) 317-1620
————

Faillace@employmentcompliance.com

November 16, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                            Rene Manzano Tiburcio

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                             16 de noviembre de 2020

*Certified as a minority-owned business in the State of New York*